## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM P. JONES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **HOWARD GOODMAN, JAMES** | : | |
| **MCCLOSKEY, JOHN DOE,** | : | **NO. 91-7560** |
| **WARDEN HARRY MOORE and** | : | |
| **RECORD OFFICER** | : | |

### MEMORANDUM OPINION

**Savage, J.**                                                                                    **July 25, 2016**

Twenty-three years after his § 1983 action was dismissed and nineteen years after his first motion to reopen this action was denied, William Jones has filed a second motion to reopen his case.  Jones claims that because he was not given an opportunity to conduct discovery, an unspecified injunction was not issued.[1]  He seeks access to all "records, files, statements, and other data the defendants have" in order to "answer this matter" and "possibly show a conspiracy" against him.[2]  He contends the "possible conspiracy" extends to FCI Gilmer, where he is currently imprisoned.[3]

Jones attaches his recent appeal from the prison's denial of his informal complaint in March 2016.[4]  He alleges that a corrections officer at FCI Gilmer falsely accused him of making a threatening phone call to his former spouse.[5]  According to Jones, the corrections officer threatened to place him in the Special Housing Unit if he

---

[1] Motion to Reopen (Doc. No. 81) at 2-3.

[2] *Id.* at 3.

[3] *Id.*

[4] *Id.* at 4.

[5] *Id.* at 2, 4-5.

called her again.[6]  There are no allegations linking this prison disciplinary matter to the claims he made in his complaint.

Jones filed this action in 1991, alleging that the defendants violated his due process and equal protection rights by circulating to other inmates written information concerning his possible involvement in the murder of another inmate at Holmesburg Prison in 1973.  *Jones v. Goodman*, No.  91-7560, 1992 WL 25798, at *1 (E.D. Pa. Feb. 6, 1992).  Defendants Howard Goodman, then a reporter for the Philadelphia Inquirer, and James McCloskey, a member of Centurion Ministries, were apparently investigating the murder in an effort to exonerate someone they believed was falsely accused of the killing.  *Id.*  Jones also named two prison officials as defendants.

Judge Yohn granted Goodman's motion to dismiss on February 6, 1992, finding that Jones had failed to establish that Goodman was engaged in state action.  *Id.*  Three months later, Judge Yohn denied a motion for reconsideration.[7]  On August 18, 1993, he granted the remaining defendants' motions to dismiss.  Four years later, Judge Yohn denied a motion to reopen the case.[8]  Now, twenty-three years after the case has been closed, Jones again seeks to reopen the case.

## Analysis

Jones labels his motion as based upon Federal Rules of Civil Procedure 15(c)(2) and 60(b)(6).  In his memorandum of law filed a month after his motion, Jones claims that the defendants falsely accused him of murder and recruited cellmates to elicit incriminating statements from him in violation of the First, Fifth, Sixth, Eighth, and

---

[6] *Id.* at 4.

[7] Memorandum and Order (Doc. No. 44).

[8] Order (Doc. No. 80).  Jones brought the motion to reopen pursuant to Fed. R. Civ. P. 60.

Fourteenth Amendments.[9]  He argues that these claims are timely because they relate back to his initial petition pursuant to Rule 15(c)(2).  He offers no new evidence to support his claims, apart from maintaining that the defendants' actions have branded him as a murderer.[10]  He does not explain how he believes Rule 60(b)(6) applies. Nevertheless, in deference to his *pro se* status, we shall analyze his motion under each rule.

*Rule 60(b)(6)*

Of the six available grounds for relief from a judgment afforded by Rule 60(b), Jones relies on Rule 60(b)(6), the catch-all provision that allows a district court to vacate a prior judgment for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6); *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008).  Relief under Rule 60(b)(6) is granted only in "extraordinary, and special circumstances," *Green v. White*, 319 F.3d 560, 563 n. 1 (3d Cir. 2003).

Jones' motion is untimely because it was not brought within a reasonable time. There is no specific time limit for filing a motion pursuant to Rule 60(b)(6).  But, it must be filed within a "reasonable time."  Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir.1987) (citing Fed. R. Civ. P. 60(b)).

He provides no reason, much less a compelling one, for raising his concerns almost twenty-three years after his case was dismissed.  Such a lengthy period of time is unreasonable.  *See Moolenaar*, 822 F.2d at 1348 (finding rule 60(b)(6) motion brought almost two years after order at issue was untimely); *United States v. Real*

---

[9] Mem. of Law (Doc. No. 83) at 2.

[10] *Id.* at 1.

*Property Located at 1323 South 10th Street, Philadelphia, PA*, No. 915848, 1998 WL 470161, at *2 (E.D. Pa. Aug.11, 1998) (concluding that four-year delay between order and Rule 60(b)(6) motion was unreasonable.).

Even if his petition were timely, Jones' has not demonstrated "extraordinary circumstances" warranting relief under Rule 60(b)(6).  *Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005).  He could have requested the relief he now seeks decades ago.  His discovery motions filed in the early stages of this action were denied.  He did nothing after those rulings.

Jones does not explain why he now wants to reopen his case.  He describes an unrelated incident in 2016 in which a corrections officer at FCI Gilmer allegedly falsely accused him of making a threatening telephone call.  Inexplicably, he suspects there is a connection between the conduct he complained of in his 1991 complaint and this new incident in a federal prison.  He alleges nothing to confirm his suspicion.  Jones suggests that further discovery "could *possibly* show a conspiracy" against him that extends to FCI Gilmer.  His speculation does not amount to an extraordinary circumstance.

### Rule 15 (c)(2)

Rule 15(c) permits amended pleadings to "relate back" to the initial pleadings. Once final judgment has been entered, pleadings may not be amended unless the judgment has been set aside.  *See In re Assicurazioni Generali, S.P.A.*, 592 F.3d 113, 120 (2d Cir. 2010) ("The filing of an amended complaint is not permissible once a judgment is entered unless the judgment is set aside or vacated . . . ."); *Acevedo-Villalobos v. Hernandez*, 22 F.3d 384, 389 (1st Cir. 1994) ("Unless postjudgment relief is

granted, the district court lacks power to grant a motion to amend the complaint."); *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) ("After the district court dismissed the complaint with prejudice, [plaintiffs] could amend their complaint only by filing . . . a 59(e) motion to alter or amend a judgment combined with a Rule 15(a) motion requesting leave of court to amend their complaint."); *PETA, Inc. v. U.S. Dep't of Agric.*, 60 F. Supp. 3d 14, 21 (D.D.C. 2014) ("Once a final judgment has been entered, however, a court cannot permit an amendment unless the plaintiff first satisfies Rule 59(e)'s more stringent standard for setting aside that judgment.") (internal quotations omitted).

Although the Third Circuit has not decided the issue, it has explained that after dismissal, leave to amend is granted "only sparingly" and as justice requires. *Werner v. Werner*, 267 F.3d 288, 296 (3d Cir. 2001). The *Werner* court was "reluctant" to allow amended pleadings after the district court had granted a motion to dismiss, but it did so because the plaintiffs discovered reliable evidence that substantiated one of their original claims. *Id.* at 297.

Here, Jones provides no reason for his decades-long delay. He does not indicate how he would amend his twenty-five-year-old complaint. Only the most extraordinary situation could justify amendment after such a protracted period of time. Jones' desire for discovery that "could possibly show a conspiracy" against him is not sufficient. In short, there is nothing in his motion that would justify allowing him to amend his complaint after it was dismissed twenty-three years ago.

**Conclusion**

Because Jones provides no reason why his case should be reopened, we shall deny his motion.